UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN HOLTON, | ) Case No. 1:24-cv-1428 |
| Plaintiff, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge Reuben J. Sheperd |
| ERIE INSURANCE COMPANY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff John Holton filed suit in State court alleging that Defendant Erie Insurance Company failed to indemnify him for loss pursuant to the terms of his policy. (ECF No. 1-3, ¶ 17, PageID #10.) In his complaint, Plaintiff asserts claims for (1) breach of contract and (2) the tort of insurance bad faith. (*Id.*, ¶¶ 20–42, PageID #10–12.) He seeks compensatory and punitive damages, each in an unspecified amount in excess of $25,000. (*Id.*, PageID #12.) He does so to comply with Ohio's pleading rules. *See* Ohio R. Civ. P. 8(a)(2). The record shows that the amount of the loss at issue is $39,476 (ECF No. 1-6, ¶ 6, PageID #92), before application of a $2,500 deductible (ECF No. 5, PageID #101)—making the amount of the loss $36,976.

Defendant removed this case from State court on the basis of diversity jurisdiction. The parties are citizens of different States. (ECF No. 1, ¶ 8, PageID #3.) Under 28 U.S.C. § 1332(a), a federal court may exercise diversity jurisdiction only where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Given the amount of the loss at issue, to ensure federal

jurisdiction, the Court ordered the parties to submit briefs addressing the amount in controversy. (ECF No. 3.)

In response, Plaintiff filed a notice of dismissal of Count 2, his claim for the tort of insurance bad faith. (ECF No. 4.) But Rule 41 of the Federal Rules of Civil Procedure does not operate in the same way as Rule 41 of the Ohio Rules of Civil Procedure. Rule 41(a)(1) of the Federal Rules of Civil Procedure governs voluntary dismissals of an *action*. According to Rule 41(a)(1), a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Because Rule 41 only applies to entire actions, not to individual claims, it cannot be used to dismiss a claim. *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). Dismissal of claims requires a motion under Rule 21. *See id.* Under Rule 21, "on motion or on its own, the court may at any time, on just terms, add or drop a party. . . [or] sever any claim against a party." Fed. R. Civ. P. 21. Therefore, Plaintiff's notice does not effect a dismissal of Count 2.

Determination of federal jurisdiction in a diversity case is made at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). In any event, then, even if the dismissal of Count 2 were effective, the Court evaluates the amount in controversy with Count 2, the claim for the tort of insurance bad faith. If proved, and if Plaintiff can meet the high standard under Ohio law, that claim might support an award of punitive damages. (*See* ECF No. 1-3, PageID #10–12.)

But this case presents another unusual circumstance regarding Count 2 (not just its ineffective dismissal). Based on a recent decision from an Ohio intermediate appellate court, one that post-dates removal, Plaintiff recognizes that he is unlikely to succeed on Count 2. (ECF No. 5, PageID #101–02.) Still, Plaintiff does not stipulate or otherwise attempt to bind himself to a recovery without compensatory or punitive damages for a claim of insurance bad faith. Indeed, Plaintiff's notice purports to dismiss Count 2 without prejudice. (ECF No. 4.) And when evaluating the viability of Count 2, a federal court looks to the Ohio Supreme Court, not the State's intermediate appellate courts. *See Perry v. Allstate Indem. Co.*, 953 F.3d 417, 421 (6th Cir. 2020). It is premature to make an assessment about the merits of Count 2. Nor does removal present a proper procedural posture for making such a determination. In short, Count 2 might well prove viable; therefore, the Court will evaluate the amount in controversy including Count 2.

When determining the amount in controversy, punitive damages count, unless—the law of this Circuit says—it appears to a legal certainty that they cannot be recovered. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 App'x 463, 471 (6th Cir. 2019) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). But this standard, tracing as it does to an earlier case, does not account for amendment of the removal statute in 2011. Now, the statute provides for the exercise of jurisdiction in circumstances like those presented here on a finding, by a preponderance of the evidence, regarding the amount in controversy:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the

3

> initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
>     (i) nonmonetary relief; or
>
>     (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. 1446(c)(2).

Under the removal statute, where, as here, a plaintiff's complaint does not state the amount in controversy, the removal statute requires only a short and plain statement of the grounds for jurisdiction that need not contain evidence. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). To assert the amount in controversy, the defendant need only plausibly allege in its removal the that the claim exceeds the jurisdictional threshold. *Id.* at 87. To do so, the defendant need not "research, state and prove the plaintiff's claim for damages." *Hayes*, 266 F.3d at 572.

If the plaintiff contests the defendant's allegation, the statute requires that the district court find by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B). Therefore, the removal statute requires evidence only where the plaintiff disputes the facts supporting removal. *Dart Cherokee,* 574 U.S. at 89. In such circumstances, "both

sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. Here, Plaintiff disputes jurisdiction (ECF No. 5, PageID #102), but not exactly on the basis of the facts supporting removal. Instead, he argues that he is unlikely to succeed on Count 2 as a matter of law—specifically, because an Ohio appellate court affirmed summary judgment for an insurer which denied coverage on the basis of an engineering report. (ECF No. 5, PageID #101–02.)

At removal, the Court finds that Plaintiff pleads in Count 2 a claim for insurance bad faith, on which punitive damages might plausibly be available. That raises a difficult question of valuing punitive damages at this early stage of the proceedings. *See Heyman*, 781 F. App'x at 472. But the Court need not wade into that thicket. If Plaintiff were to recover punitive damages in a one-to-one ratio to the amount of the loss ($36,976 after application of the deductible), the amount in controversy would be $73,952. But such an award would make available an additional recovery of attorney's fees that would take the amount in controversy over the $75,000 jurisdictional threshold. Admittedly, the question could not be closer.

For these reasons, the Court determines it has subject-matter jurisdiction over this case. If either party disagrees, counsel should seek reconsideration promptly. Ordinarily, motions for reconsideration are disfavored. However, an erroneous determination of jurisdiction has significant consequences for the parties and the Court. Because the Court has a "virtually unflagging obligation . . . to exercise the jurisdiction given" it, *Colorado River Water Conservation Dist. v. United States*, 424

5


U.S. 800, 817 (1976), and "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given," *Cohen v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821), the Court will proceed to schedule the initial case management conference.

**SO ORDERED.**

Dated: October 11, 2024

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio